UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROGANT HOLLYWOOD,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. MACOMBER, et al.,<br><br>Defendants. | Case No. 2:24-cv-03351-DAD-CSK<br><br><br>ORDER TRANSFERRING CASE |

Plaintiff Arogant Hollywood is proceeding in this action pro se and has paid the filing fee.[1] For the reasons outlined below, the Court will transfer this action to the United States District Court for the Central District of California because venue is not proper in this district.

**I.    VENUE**

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). An order addressing venue transfer does not address the merits of the case and is a non-dispositive matter that falls within the scope of a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Ames v. Wells Fargo Bank, N.A.*, 2023 WL 7392026, at *2 (N.D. Cal. Oct. 27, 2023), *reconsideration denied*, 2023 WL 7434359 (N.D. Cal. Oct. 31, 2023).

in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." A court may raise and decide the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

**II.     DISCUSSION**

Several filings in this action confirm this action was improperly filed in the Eastern District of California. In his Complaint, Plaintiff alleges various federal and state law violations against Defendants for incidents that took place at "13732 Runnymede Street, Van Nuys, CA 91405" and "541 Bruin Drive, Riverside, CA 92507" (Compl. ¶¶ 25, 27-28, 32, 213, 297-330. 381-367 (ECF No. 1)). Plaintiff also seeks to challenge his criminal prosecution that occurred in Los Angeles County and includes in his Complaint various Los Angeles County Superior Court filings of Plaintiff's Los Angeles County criminal case. (Compl. ¶¶ 55-284, 333-378.) Defendant Yingchun Chen's pending motions to dismiss (ECF Nos. 8, 9) further confirm this lawsuit stems, in part, from allegations of an incident that took place in Riverside, California. *See* ECF Nos. 8 at 8-9; 9 at 8-9. Two defendants the Court can decipher with any connection to the Eastern District of California are Gavin Christopher Newsom and Robert Andres Bonta, however, the allegations against these individuals are general and appear to allege they were involved in and colluded with other Defendants in Plaintiff's criminal prosecution in Los Angeles County. *See* Compl. ¶¶ 158-159, 161. It is clear that relevant witnesses and information related to this case are all located in the Los Angeles and Riverside area. Therefore,

because this case is based on events that occurred in Los Angeles and Riverside and the responding Defendants are in these areas, Plaintiff's case should have been filed in the United States District Court for the Central District of California. In the interest of justice, a court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a). Accordingly, this matter is transferred to the United States District Court for the Central District of California.

In transferring this action to the United States District Court for the Central District of California, this Court is not expressing any opinion regarding the merits of Plaintiff's claims and the pending motions to dismiss. Parties are instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. This action, including Defendant Chen's pending motion to file electronically (ECF No. 6), motion for remote appearance (ECF No. 7), motions to dismiss (ECF Nos. 8, 9), is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C § 1406(a); and

2. The Clerk of the Court is directed to CLOSE this action.

Dated: January 27, 2025

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, holly3351.24